1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JASON REMON,                           No. 2:18-cv-01869 JAM CKD P

12                  Plaintiff,

13         v.                               ORDER

14   SCOTT KERNAN, et al.,

15                  Defendants.

16

17         Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18   § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

19   proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20         Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.

21   § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22         Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

23   §§ 1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect

24   twenty percent of the preceding month's income credited to plaintiff's prison trust account and

25   forward it to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00,

26   until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

27         **I.      Screening Requirement**

28         The court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## II.    Allegations in the Complaint

Plaintiff is an inmate at High Desert State Prison, where the events giving rise to the complaint occurred. Plaintiff names the following individuals as defendants in this action: (1) CDCR Director Scott Kernan; (2) Warden Marrion E. Spearman; (3) Community Resource Manager Joleene Speers; (4) Correctional Food Service Manager Ed Bertrand; and, (5)

Correctional Spiritual Leader/Chaplain Reene Nez.[1]  In his complaint, plaintiff alleges that commencing on March 31, 2018 his First Amendment right to the free exercise of his religion was violated when he was not provided with Kosher meals for the first four days of the Jewish holiday of Passover.  Plaintiff generally alleges that defendants failed to order Kosher meals in advance so that they could be provided to inmates by the start of Passover.  By way of relief, plaintiff requests declaratory and injunctive relief as well as compensatory and punitive damages.[2]  ECF No. 1 at 9-10.

On September 4, 2018, plaintiff filed a motion to amend his complaint.  ECF No. 8.  Attached to the motion is Sections 3054.2-3054.5 of Title 15 of the California Code of Regulations which contain the requirements for CDCR's Kosher Diet Program, specifically, as well as the Religious Diet Program in general.  ECF No. 8 at 2-3.  It appears to the court that plaintiff is seeking to supplement his complaint by citing this legal authority.

### III.    Legal Standards

In order to state a claim pursuant to § 1983, a plaintiff must allege facts that support that (1) he was deprived of a right afforded to him by federal law, and (2) the deprivation was committed by someone acting under color of state law.  West v. Atkins, 487 U.S. 42, 48–49 (1988).  Additionally, a plaintiff is required to allege a specific injury suffered, as well as show a causal relationship between the defendant's conduct and the injury suffered by the plaintiff.  See Rizzo v. Goode, 423 U.S. 362, 371–72, 377 (1976); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978) (a person deprives another of a federal right "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do so that it causes the deprivation of which complaint is made").  Section 1983 does not recognize

---

[1] It appears to the court based on the attachments to the complaint, that plaintiff selected the individual defendants in this case based on the circulation list for a CDCR Memorandum dated February 8, 2018 concerning "Inmate Participation in Passover 2018."  ECF No. 1 at 15-16.  This memorandum was sent to all Associate Directors of the Division of Adult Institutions, Wardens, Chief Executive Officers, Community Resources Managers, and Chaplains/Native American Spiritual Leaders.  Id.

[2] Plaintiff's request for injunctive relief involves hiring a new Jewish spiritual leader for Yard B at High Desert State Prison.  ECF No. 1 at 10.

respondeat superior liability. <u>Monell v. Dep't. of Soc. Servs.</u>, 436 U.S. 658, 691 (1978).

Accordingly, a supervisor may not be held liable merely because a subordinate violated the

plaintiff's constitutional rights. <u>Id.</u> "A supervisor is only liable for constitutional violations of his

subordinates if the supervisor participated in or directed the violations, or knew of the violations

and failed to act to prevent them." <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989).

### A.  First Amendment Free Exercise Clause

"Prison walls do not form a barrier separating prison inmates from the protections of the

Constitution." <u>Turner v. Safley</u>, 482 U.S. 78, 84 (1987). Among the rights prisoners possess is

the right to the free exercise of religion, subject to limitations justified by the considerations

underlying our penal system. <u>O'Lone v. Estate of Shabazz</u>, 482 U.S. 342, 348 (1987).

To merit protection under the free exercise clause of the First Amendment, a religious

claim must satisfy two criteria. "First, the claimant's proffered belief must be sincerely held."

<u>Malik v. Brown</u>, 16 F.3d 330, 333 (9th Cir. 1994) (citations omitted). Second, "the claim must be

rooted in religious belief, not in 'purely secular' philosophical concerns." <u>Id.</u> (citations omitted).

Determining whether a claim is "rooted in religious belief" requires analyzing whether the

plaintiff's claim is related to his sincerely held religious belief. <u>Id.</u> (citations omitted); <u>see</u> <u>Shakur</u>

<u>v. Schiriro</u>, 514 F.3d 878, 885 (9th Cir. 2008) (proper focus of free exercise analysis of diet

request is whether inmate "sincerely believes eating kosher meat is consistent with his faith.")

### B.  RLUIPA Claim

Furthermore, the Religious Land Use and Institutionalized Persons Act (RLUIPA)

prohibits prison officials from substantially burdening a prisoner's "'religious exercise unless the

burden furthers a compelling governmental interest and does so by the least restrictive means.'"

<u>Alvarez v. Hill</u>, 518 F.3d 1152, 1156 (9th Cir. 2009). Under RLUIPA, "religious exercise" is

defined to include "any exercise of religion, whether or not compelled by, or central to, a system

of religious belief." 42 U.S.C. § 2000cc–5(7)(A); <u>Greene v. Solano County Jail</u>, 513 F.3d 982,

986 (9th Cir. 2008). "In fact, RLUIPA 'bars inquiry into whether a particular belief or practice is

'central' to a prisoner's religion.'" <u>Id.</u> (quoting <u>Cutter v. Wilkinson</u>, 544 U.S. 709, 725 n. 13

(2005)). The Ninth Circuit has noted that a burden is substantial under RLUIPA when the state

1  "'denies [an important benefit] because of conduct mandated by religious belief, thereby putting

2  substantial pressure on an adherent to modify his behavior and to violate his beliefs.'" Shakur v.

3  Schriro, 514 F.3d 878 (9th Cir. 2008).  Additionally, "[i]t is not within the judicial ken to question

4  the centrality of particular beliefs or practices to a faith, or the validity of particular litigants'

5  interpretations of those creeds.'" Id. at 884.

6      **IV.    Analysis**

7          Plaintiff's complaint fails to identify how each of the named defendants is responsible for

8  the alleged constitutional violations.  The CDCR Memorandum attached to plaintiff's complaint

9  cannot provide a basis for individual liability absent specific allegations of each defendant's

10  participation.  Barren v. Harrington, 152 F.3d 1193, 1194-95 (9th Cir. 1998), cert. denied, 525

11  U.S. 1154 (1999) ("A plaintiff must allege facts, not simply conclusions, that show that an

12  individual was personally involved in the deprivation of his civil rights.").  In order to state a

13  claim for relief, plaintiff must connect the named defendants to the claimed denial of his rights.

14  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) ("liability under section 1983 arises only

15  upon a showing of personal participation by the defendant…." (citation omitted)); Johnson v.

16  Duffy, 588 F.3d 740, 743-44 (9th Cir. 1978) (discussing "requisite causal connection" in section

17  1983 cases between named defendant and claimed injury).  The court cannot determine from the

18  complaint what role, if any, the named defendants played in the alleged deprivation of plaintiff's

19  rights.  For this reason, the court has concluded that plaintiff's complaint fails to state a claim

20  upon which relief can be granted under federal law.  Plaintiff's complaint must be dismissed.  The

21  court will, however, grant leave to file an amended complaint.

22          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

23  complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v.

24  Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, in his amended complaint, plaintiff must allege in

25  specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C.

26  § 1983 unless there is some affirmative link or connection between a defendant's actions and the

27  claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory

28  allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## V.    Plain Language Summary for Pro Se Party

Since plaintiff is acting as his own attorney in this case, the court wants to make sure that this order is understood. The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has read the allegations in your complaint and has concluded that it must be dismissed because it does not explain how each defendant is responsible for the alleged violation of your constitutional rights. The court is allowing you the chance to correct these deficiencies by filing a first amended complaint.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action

be dismissed.

     5.  Plaintiff's motion to amend the complaint (ECF No. 8) is denied as moot.

Dated:  March 25, 2019

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/remo1869.screening.docx