UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JASON REMON,

    Plaintiff,

v.

SCOTT KERNAN, et al.,

    Defendants.

No. 2:18-cv-01869-JAM-CKD P

FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this federal civil rights action filed pursuant to 42 U.S.C. § 1983. By order filed March 25, 2019, the undersigned screened plaintiff's complaint and dismissed it with leave to amend. ECF No. 9. Currently pending before the court is plaintiff's first amended complaint filed on April 24, 2019. ECF No. 13.

**I.    Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

/////

## II. Allegations in the First Amended Complaint

On or about November 21, 2013, plaintiff's request to receive Jewish kosher meals as a CDCR inmate was approved. ECF No. 13 at 6, 9. The gravamen of plaintiff's first amended complaint is based on the failure to provide him with kosher meals specific to Passover during the first four days of the Jewish holiday in 2018. ECF No. 13 at 3. Plaintiff names six individual defendants as well as one John Doe defendant who received a copy of a February 8, 2018 Memorandum concerning Inmate Participation in Passover 2018. ECF No. 13 at 12. Plaintiff generally alleges that this memorandum should have been issued earlier and/or was not followed to ensure that he received "Kosher for Passover" food during all 8 days of the religious holiday.

## III. Legal Standards

There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 371, 376 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

## IV. Analysis

The court has reviewed plaintiff's first amended complaint and finds that it fails to state a claim upon which relief can be granted under federal law. Plaintiff was previously advised of the appropriate legal standards governing his claims in this court's prior screening order dated March 25, 2019. Specifically, plaintiff was advised that "[t]he CDCR Memorandum attached to plaintiff's complaint cannot provide a basis for individual liability absent specific allegations of each defendant's participation." ECF No. 9 at 5. Plaintiff has not cured this or any other deficiencies identified in the prior screening order. In the first amended complaint, plaintiff has added allegations that defendants violated specific CDCR policy and procedures. However, this does not state any constitutional claim for relief. All of the allegations in the first amended complaint are completely conclusory and fail to specifically identify what specific actions each named defendant took which caused plaintiff's injury. Plaintiff repeatedly states that each defendant's "actions and omissions to act" kept him from practicing his religious beliefs during

Passover. See ECF No. 13 at 3-5. Despite clear directions from the court that he needed to explain what each defendant did, plaintiff has once again failed to allege any specific actions by any defendant other than their general job descriptions within CDCR. That is insufficient to link each defendant to the alleged constitutional violations. See Ivey v. Bd. Of Regents, 673 F.2d at 268. For all these reasons, the undersigned recommends dismissing plaintiff's first amended complaint.

**V.     No Leave to Amend**

If the court finds that a complaint or claim should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citation omitted). However, if, after careful consideration, it is clear that a claim cannot be cured by amendment, the Court may dismiss without leave to amend. Cato, 70 F.3d at 1105-06.

In light of plaintiff's failures to provide additional information about his claims despite specific instructions from the court, the undersigned finds that further leave to amend would be futile and the first amended complaint should be dismissed without leave to amend. Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile."). The repetitious filing of conclusory pleadings does not warrant granting plaintiff additional leave to amend.

**VI.    Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

It is recommended that your complaint be dismissed because it fails to state any cognizable claim for relief. Allowing you to further amend the complaint would be futile because you were not able to cure any of the previously identified deficiencies with the original

complaint.  As a result, it is recommended that you not be granted further leave to amend your complaint and that this civil action be closed.  If you disagree with this recommendation, you have 14 days to explain why it is not the correct result.  Label your explanation as "Objections to the Magistrate Judge's Findings and Recommendations."

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's first amended complaint (ECF No. 13) be dismissed without leave to amend for failing to state a claim.
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 6, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/remo1869.screeningF&R.docx

4